UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONALD ISOZAKI**,<br><br>  Plaintiff,<br><br>  v.<br><br>**RESOLUTE CAPITAL PARTNERS, LTD. LLC**, *et al.*,<br><br>  Defendants. | Case No.  21-cv-091-YGR<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANTING REQUEST TO SHORTEN TIME ON MOTION FOR PRELIMINARY INJUNCTION**<br><br>Dkt. No. 6 |

Plaintiff Donald Isozaki has filed an *ex parte* motion (Dkt. No. 6) for temporary restraining order and request for an order to show cause and set a hearing on a preliminary injunction to restrain defendants Resolute Capital Partners LTD., LLC, Resolute Capital Managers, LLC, Legacy Energy, LLC, PetroRock Mineral Holdings, LLC, HomeBound Resources, LLC, HomeBound, Inc., Home Bound Financial Group, LP, Mercury Operating, LLC, Stefan Toth, Ted Etheredge, Pablo Cortez, and Thomas Powell (collectively, the "RCP Parties") from transferring, removing, or disposing of $600,000 from their accounts in any other manner other than to transfer Isozaki's retirement savings back into Isozaki's possession and control.

Plaintiff's Application for a Temporary Restraining Order is **DENIED** on the grounds that he has not established irreparable harm and inadequacy of legal remedies, nor has he submitted evidence establishing service of notice of the *ex parte* application.  Typically, injunctive relief is unavailable to compel payment of money past due under a contract or specific performance of a past due monetary obligation.  *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002); *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (threat of lost revenues insufficient for injunctive relief since economic harm is not

generally considered irreparable); *cf. hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 993 (9th Cir. 2019) (threat of business "extinction," beyond monetary damages, established irreparable harm where plaintiff would have "no viable way to remain in business other than using [defendant's] public profile data for its [business services]"). Plaintiff fails to demonstrate why the claims here would be an exception to that limitation on the equitable remedy he seeks, nor why such relief should be granted on an *ex parte* basis under the circumstances.

Further, the representation in the notice of motion that papers had been served and sent to defendants via email lacks evidentiary support or certification. Fed. R. Civ. P. 65(b).

However, based upon the evidence submitted, plaintiff's Request for Order to Show Cause re: Motion for Preliminary Injunction is construed as a request to hear his motion for preliminary injunction on shortened time and on that basis is **GRANTED**.

Plaintiff shall file and serve any additional briefing or evidence in support of his motion for preliminary injunction no later than **January 11, 2021**, along with proof of service of the summons and complaint in this matter and this Order. Opposition shall be filed by **January 18, 2021**. Reply shall be filed by **January 20, 2021**. The hearing on the preliminary injunction shall be held on **January 26, 2021 at 2:00 p.m.** via the Court's Zoom videoconference platform.

This terminates Docket No. 6.

**IT IS SO ORDERED.**

Dated: January 8, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**