UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONALD ISOZAKI**, <br><br> Plaintiff, <br><br> v. <br><br> **RESOLUTE CAPITAL PARTNERS, LTD. LLC**, *et al.*, <br><br> Defendants. | Case No.  21-cv-091-YGR <br><br> **ORDER GRANTING MOTION TO COMPEL ARBITRATION; DENYING MOTION FOR PRELIMINARY INJUNCTION; AND DENYING MOTION TO SEAL** <br><br> Dkt. Nos. 9, 12, 21 |

By its January 19, 2021 Order (Dkt. No. 26), the Court granted requests to hear, on shortened time, the motion of plaintiff Donald Isozaki for preliminary injunction and the motion of defendants Resolute Capital Partners LTD., LLC, et al. to compel arbitration.  Those motions were heard by the Court on February 2, 2021 by videoconference.

Having carefully considered the briefing and arguments submitted in this matter, and for the reasons set forth in full detail on the record, the motion to compel arbitration is **GRANTED** and the motion for preliminary injunction is **DENIED**.

The gateway issues of enforceability of an agreement to arbitrate and a dispute's arbitrability can reserved to the arbitrator where, as here, the arbitration rules "clearly and unmistakably" delegated those decisions to the arbitrator.  *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *AT & T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 649 (1986).  Moreover, plaintiff fails to show that enforcement of the arbitration agreement here would be unconscionable, nor does he offer evidence that the agreement was a product of fraud.  *See Prima Paint Corp. v. Flood & Conklin Mfg.*, 388 U.S. 395, 403-404 (1967).  Further, the arbitration clause plainly covers all legal claims arising between (Isozaki) and all defendants as "Related Parties," such that arbitration is properly compelled as plaintiff's claims against all

defendants.

Because the matter must be compelled to arbitration, the motion for preliminary injunction is **DENIED**. Moreover and in any event, as stated on the record, plaintiff failed to establish entitlement to the extraordinary remedy of a preliminary injunction. *See Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (injunctive relief generally unavailable to compel payment of money past due under a contract or specific performance of a past due monetary obligation).

The administrative motion to file under seal, submitted in connection with the motion for preliminary injunction, (Dkt. No. 12) is **DENIED**. No supporting declaration was offered to substantiate sealing of the arbitration demand.

This order terminates all pending motions. The matter is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: February 9, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**